IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEY DILEMANI, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 02-2614 |
| BUCA, INC., | : | |
| Defendant. | : | |

### DEFENDANT BUCA, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant BUCA, Inc. ("Buca"), for its Amended Answer to the Complaint of plaintiff Bey Dilemani ("plaintiff"), states and alleges as follows:

### FIRST DEFENSE

1.  Buca denies each allegation or statement contained in plaintiff's Complaint, except as hereinafter specifically admitted, qualified or explained.

2.  Buca states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

3.  Buca admits the allegations in paragraph 2 of the Complaint.

4.  Answering paragraph 3 of the Complaint, Buca admits that plaintiff's complaint contains a claim arising under Federal law and that this Court therefore presently has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

5.  Buca states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

6.  Answering paragraph 5 of the Complaint, Buca denies that it engaged in the unlawful employment practices alleged in the Complaint.

7.  Buca states that it is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 6 of the Complaint.

8.  Answering paragraph 7 of the Complaint, Buca admits that plaintiff responded to a general interest advertisement that Buca had placed in a publication called "Nations Restaurant News," and that Lori Van Holmes thereafter contacted him. Buca denies the remaining allegations contained in paragraph 7 of the Complaint.

9.  Answering paragraph 8 of the Complaint, Buca states that Lori Van Holmes conducted a telephone interview of plaintiff. Buca denies the remaining allegations in paragraph 8 of the Complaint.

10. Buca denies the allegations in paragraphs 9, 10, 11 and 12 of the Complaint.

11. Answering paragraph 13 of the Complaint, Buca states that plaintiff contacted Ms. Van Holmes to arrange an interview with Joe Talarico, the Divisional Vice President for the West Coast. Buca denies the remaining allegations in paragraph 13 of the Complaint.

12. Answering paragraph 14 of the Complaint, Buca admits that Mr. Talarico was not available to interview plaintiff on the date that had been scheduled because he was on vacation. Buca denies the remaining allegations in paragraph 14 of the Complaint.

13. Answering paragraph 15 of the Complaint, Buca admits that Ms. Van Holmes had a telephone conversation in which she asked plaintiff whether he had completed an

2

employment application. Buca denies the remaining allegations in paragraph 15 of the Complaint.

14.     Answering paragraph 16 of the Complaint, Buca admits that it sent plaintiff an Application for Employment form. Buca denies the remaining allegations in paragraph 16 of the Complaint.

15.     Answering paragraph 17 of the Complaint, Buca states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date on which plaintiff completed an application for employment and that the Disclosure and Release Statement speaks for itself. Buca denies the remaining allegations in paragraph 17 of the Complaint.

16.     Answering paragraph 18 of the Complaint, Buca admits that plaintiff met with Mr. Cowler in July of 2000 in Pittsburgh, Pennsylvania, and denies the remaining allegations in paragraph 18 of the Complaint.

17.     Buca denies the allegations in paragraphs 19, 20 and 21 of the Complaint.

18.     Buca states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies the same.

19.     Answering paragraph 23 of the Complaint, Buca states that Ms. Van Holmes informed plaintiff that Buca had decided not to hire him, and denies the remaining allegations in paragraph 23 of the Complaint.

20.     Buca denies the allegations in paragraph 24 of the Complaint.

21. Answering paragraph 25 of the Complaint, Buca admits that it hired Tim Stenger for the Paisano Partner position in Allentown, Pennsylvania, admits that Mr. Stenger is under age 40, and denies the remaining allegations in paragraph 25 of the Complaint.

22. Answering paragraph 26 of the Complaint, Buca restates and incorporates by reference herein its answers to paragraphs 1 through 25 of the Complaint.

23. Buca denies the allegations in paragraphs 27, 28 and 29 of the Complaint.

24. Answering paragraph 30 of the Complaint, Buca restates and incorporates by reference herein its answers to paragraphs 1 through 29 of the Complaint.

25. Buca denies the allegations in paragraphs 31 and 32 of the Complaint.

## SECOND DEFENSE

26. Buca alleges that the Complaint fails, in whole or in part, to state a claim against defendant upon which relief can be granted.

## THIRD DEFENSE

27. Buca alleges that no employment action taken by defendant that affected plaintiff was willful as a matter of law.

## FOURTH DEFENSE

28. Buca alleges that any damages sustained by plaintiff were caused or contributed to by plaintiff's own actions.

**WHEREFORE**, Buca prays for judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, and awarding Buca its costs, disbursements, and attorneys' fees.

Dated: 17 July, 2002

FAEGRE & BENSON LLP

Daniel C. Gerhan, Esq. (I.D. No. 189698)
Tina L. Lorleberg, Esq. (I.D. No. 286941)

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

Kay Kyungsun Yu, Esq. (I.D. No. 83701)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000

Attorneys for Defendant BUCA, Inc.

5

## CERTIFICATE OF SERVICE

I, Kay Kyungsun Yu, hereby certify that a true and correct copy of the foregoing Amended Answer and Affirmative Defenses was served by U.S. mail this 17th day of July, 2002 on the following:

    Michael J. Salmanson
    Michael J. Salmanson, P.C.
    1515 Locust Street, 10th Floor
    Philadelphia, PA   19102

                                              _____
                                              KAY KYUNGSUN YU