IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEY DILEMANI<br>52 Brinker Drive<br>Doylestown, PA 18901<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>BUCA, INC.<br>1300 Nicollet Mall<br>Suite 5003<br>Minneapolis, MN 55403 | Civil Action No. 02-CV-2614<br><br><br>Jury Trial Demanded |

<u>JOINT CASE REPORT</u>

I.　　<u>STATEMENT OF FACTS</u>

　　　Plaintiff asserts a claim under the Age Discrimination in Employment Act, which provides the Court with federal question jurisdiction under 28 U.S.C. Section 1331. Plaintiff also asserts a state law claim under the Pennsylvania Human Relations Act.

　　　The defendant, Buca, Inc. ("Buca") owns and operates more than 50 restaurants nationwide. The plaintiff, Bey Dilemani, who was living in Arizona, responded to a "general interest" advertisement that Buca ran in trade journal. The ad indicated that Buca was searching for candidates at all of its locations.

　　　Plaintiff initially interviewed for a general manager position at the Buca di Beppo restaurant Buca planned on opening in Mesa, Arizona. Buca later delayed the prospective opening of the Mesa, Arizona restaurant and placed it on an indefinite hold. Buca later interviewed him for the general manager position at the Buca di Beppo restaurant that was scheduled to open in Allentown, Pennsylvania at the end of 2000. Buca did not offer Plaintiff the position.

　　　Plaintiff was 54 years old at the time he interviewed for the position and asserts that he had significant experience in the restaurant industry and as a general manager. The person who was hired to fill the position was under age 40. Plaintiff claims that

Buca did not hire him due to his age, and instead hired a younger individual he alleges was less experienced.

II.    STATEMENT OF CAUSES OF ACTION

Plaintiff has asserted claims under the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act. The elements of each cause of action are practically the same. Both require Plaintiff to prove, by a preponderance of the evidence, that his age was a motivating factor in Buca's decision not to offer him the position. The McDonnell-Douglas framework of shifting burdens applies to Plaintiff's claims. Plaintiff first must establish a prima facie case of age discrimination by proving that (1) he was over 40 at the time he applied for the position; (2) he was qualified for the position; (3) he was not offered the position; and (4) to raise an inference that age was a factor, an individual sufficiently younger than plaintiff with the same or lesser qualifications, was hired for the position. The burden then shifts to Buca to articulate some legitimate, nondiscriminatory reason for not hiring Plaintiff. Once Buca articulates that burden, the burden then shifts back to Plaintiff to show that Buca's legitimate, nondiscriminatory reason was in fact a pretext for discrimination.

Plaintiff seeks damages in excess of $150,000, including back pay, liquidated damages under the ADEA, front pay and/or reinstatement to an equivalent manager's position, compensatory damages under the PHRA, attorney's fees, and costs.

III.   DEFENSES ASSERTED

Buca denies Plaintiff's allegations. Buca alleges that it did not offer him the general manager position because during his interview with Buca he indicated that he was more interested in a multi-unit management job than he was in being in charge of a single restaurant. In addition, he displayed an attitude during his interview that suggested to Buca that he would not take direction well, that he already knew all there was to know about restaurant operation—even though Buca was a different food concept than what he had previously handled. The Divisional Vice-President (who was also over 40 at the time he interviewed and rejected Plaintiff) ultimately concluded that Plaintiff's goals did not fit with the position and chose not to offer him the job. At no time during the interview process did Buca ever offer Plaintiff a job or suggest that he would receive an offer.

In addition, Buca asserts that Plaintiff's claims fail to state a claim upon which relief can be granted, that its actions were not willful as a matter of law, and that any damages sustained by Plaintiff were caused by his own actions.

IV. **DISCLOSURES**

Plaintiff served his self-executing disclosures on August 1, 2002. Defendant served its self-executing disclosures on August 21, 2002.

V. **DISCOVERY DEADLINE**

The parties agreed to a proposed fact discovery cut off of February 26, 2003, with all expert discovery, if any, concluded by May 16, 2003.

VI. **JOINDER**

All necessary parties have been joined.

VII. **SETTLEMENT NEGOTIATIONS**

Plaintiff made a settlement demand following the administrative proceedings in this matter. Buca rejected the demand. The parties believe that some discovery needs to occur before resuming any settlement discussions.

VIII. **COUNSEL ATTENDING THE CONFERENCE**

For Plaintiff:

Michael J. Salmanson
Scott B. Goldberg
Michael J. Salmanson, PC
1515 Locust Street, 10th Floor
Philadelphia, PA 19102
(215) 772-0150
(215) 772-0153 (facsimile)

For Defendant:

Daniel C. Gerhan
Tina Lorleberg
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
(612) 766-1600 (facsimile)

_____
Michael J. Salmanson
Scott B. Goldberg

_____
Tina Lorleberg

## CERTIFICATE OF SERVICE

I, Scott B. Goldberg, certify that the foregoing Joint Case Report has been served by first class mail on the following:

> Tina Lorleberg, Esquire
> Faegre & Benson, LLP
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN  55402-3901

_____
Scott B. Goldberg

Dated: August 22, 2002