# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEY DILEMANI, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 02-CV-2614 |
| BUCA, INC., | : | |
| Defendant. | : | |

### DEFENDANT'S OBJECTIONS AND ANSWERS TO DILEMANI'S FIRST SET OF INTERROGATORIES

Defendant Buca, Inc. ("Defendant" or "Buca") hereby objects and responds to Dilemani's First Set of Interrogatories as follows:

### PLAN OF RESPONSE AND GENERAL OBJECTIONS

Defendant will state in this plan of response general objections to Dilemani's First Set of Interrogatories. Defendant will interpose certain additional objections below to specific interrogatories. The answers set forth below are subject to and do not waive any of these general objections.

1. **Time and Scope.** Defendant objects to plaintiff's interrogatories to the extent that they do not contain any temporal or geographic scope or refer to time periods and locations not relevant to plaintiff's claims. Defendant objects to all such interrogatories because they are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.     **Attorney-Client Privilege and Work-Product Doctrine.** Defendant objects to plaintiff's interrogatories to the extent they seek information protected by the attorney-client privilege and the work-product doctrine. No specific response of defendant below constitutes a waiver of this general objection.

3.     **Plaintiff's Definition of the Term "Identify" When Used in Reference to a Person.** Defendant objects to plaintiff's definition of the term "identify" when used in reference to a person because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also does not understand the references to "GMAC." Defendant further objects specifically to plaintiff's instruction to state a person's date of birth, present or last known place of employment, dates of hire and discharge and employment positions as unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.     **Plaintiff's Definition of the Term "Identify" When Used in Reference to an Communication.** Defendant objects to plaintiff's definition of the term "identify" when used in reference to a communication because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.     **Right to Amend or Supplement.** The information contained in the following responses are true and correct to the best of defendant's knowledge and belief as of the date of the responses. Defendant reserves the right to amend or supplement these responses if it finds that inadvertent errors or omissions have been made or if additional information becomes available later.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 9:** Identify all individuals who reviewed the employment application forms that Dilemani signed and returned to Buca.

**RESPONSE:** Buca states that Mr. Dilemani faxed his application and Disclosure and Release Statement to Lucy Lea, who was formerly in recruiting and hiring for Buca and was located at Buca's corporate offices in Minneapolis, Minnesota. No one else within Buca, including Jim Cowler, saw Mr. Dilemani's application forms during the interview process.

The outside agency that conducts background reports for Buca may have seen Mr. Dilemani's application and Disclosure and Release Statement.

AS TO ANSWERS:

STATE OF MINNESOTA      )
                        ) ss.
COUNTY OF HENNEPIN      )

      John Motschenbacher, being duly sworn, states that he is the Vice President of Finance and Purchasing for Buca, Inc.; that he is authorized to sign Defendants' Objections and Answers to Dilemani's First Set of Interrogatories on behalf of Buca, Inc.; that the answers to the foregoing interrogatories have been gathered by knowledgeable persons associated with Buca, Inc.; that he has no personal knowledge as to the answers to the interrogatories, but is advised and therefore believes that these answers are true and correct.

_____

Subscribed and sworn to before me
this _13_ day of _September_, 2002.

_____
Notary Public

LISA D. MUNSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2005

8

**AS TO OBJECTIONS:**

Dated: *September 13*, 2002

FAEGRE & BENSON LLP

*/s/ Tina Lorleberg*

Daniel C. Gerhan (I.D. No. 189698)
Tina L. Lorleberg (I.D. No. 286941)

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

LOCAL COUNSEL:
Kay Kyungsun Yu (I.D. No. 83701)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000

Attorneys for Defendant Buca, Inc.

M1:906764.01

9

## CERTIFICATE OF SERVICE

I, Tina L. Lorleberg, hereby certify that a true and correct copy of the foregoing Defendant's Objections and Answers to Dilemani's First Set of Interrogatories was served by U.S. Mail this 13th day of September, 2002 on the following:

>Michael J. Salmanson, Esq.
>Michael J. Salmanson, P.C.
>1515 Locust Street, 10th Floor
>Philadelphia, PA  19102

*[signature]*
Tina L. Lorleberg

M1:906764.01