# EXHIBIT G

1999 WL 357381   Page 1
(Cite as: 1999 WL 357381 (E.D.Pa.))

H
Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Ernest SADLER,
v.
MARRIOTT INTERNATIONAL, INC.

No. CIV. A. 98-762.

June 3, 1999.

MEMORANDUM

WALDMAN.

*1 Plaintiff asserts a claim for age discrimination under the PHRA and the ADEA. He alleges that defendant declined to hire him as a security guard or "loss prevention officer" because of his age, almost 59 years at the time. Presently before the court is defendant's motion for summary judgment.

When considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Arnold Pontiac-GMC, Inc. v. General Motors Corp.,* 786 F.2d 564, 568 (3d Cir.1986). Only facts that may affect the outcome of a case are "material." *Anderson,* 477 U.S. at 248. All reasonable inferences from the record are drawn in favor of the non- movant. *Id.* at 256. Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which he bears the burden of proof. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert. denied,* 499 U.S. 921 (1991). The non- moving party may not rest on his pleadings but must come forward with evidence from which a reasonable jury could return a verdict in his favor.

*Anderson,* 479 U.S. at 248; *Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989); *Woods v. Bentsen,* 889 F.Supp. 179, 184 (E.D.Pa.1995).

From the evidence presented, as uncontroverted or viewed most favorably to plaintiff, the pertinent facts are as follow.

Plaintiff was born on December 22, 1935. In November 1994 Marriott advertised that it was seeking applicants for employment positions in a new hotel to be opened in Philadelphia in January 1995. On November 28, 1994 plaintiff submitted an application for a position in the hotel's Loss Prevention Department as a security guard or so-called "loss prevention officer."

Plaintiff reported to be interviewed on December 8, 1994. Consistent with Marriott's general applicant screening procedures, plaintiff was asked to answer questions from the Greentree Interview Guide, a computer-controlled personal assessment program. His responses included that he did not like helping other departments and that "people should do [their] own job."

After completing the questionnaire, plaintiff was interviewed by Dennis Mentasi, the hotel's Director of Loss Prevention. Mr. Mentasi told plaintiff that he was qualified for the job but that ten of the positions had already been filled and defendant was waiting to hear from other, more qualified applicants including former police officers and firemen. At the time of the interview Mr. Mentasi did not discuss the results of the Greentree Guide with plaintiff, but noted on the interview card that plaintiff "lacked a sense of teamwork." At no time did Mr. Mentasi ask plaintiff his age and he did not know plaintiff's age or birth date. On neither the application nor the Greentree Interview Guide was plaintiff requested to provide his age or birth date. Plaintiff was not hired for the position.

*2 Although plaintiff met the minimum requirements for the position, Mr. Mentasi states he did not hire plaintiff because he believed, based on the interview and answers to the Greentree Guide, that plaintiff did not have the sense of teamwork that was expected of defendant's security guards. [FN1] Between November 1994 and April 1995, defendant hired twenty-six loss prevention officers. Of those, nine were over forty years old. Two of

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

them, at ages sixty-one and sixty-two, were older than plaintiff at the time. One of them was two weeks away from his 55th birthday. At least two of those hired were former police officers and one was a former fireman with 20 to 25 years of experience. Defendant also hired Sean Bailey, a young man with less experience than plaintiff. Mr. Mentasi, however, rated Mr. Bailey's people skills as excellent and viewed these skills as outweighing any lack of experience. [FN2]

> FN1. Defendant's position description for security guards or "loss prevention officers" provides that they are to "assist in the shipping- receiving operation" and "carry out all reasonable requests by management."

> FN2. Mr. Bailey proved to be an excellent employee, earned a series of promotions and is now a hotel manager.

To establish a prima facie case of age discrimination in failing to hire, a plaintiff must show that he is over forty years old, that he was qualified for the position for which he applied, that he was denied the position and that defendant hired applicants sufficiently younger to create an inference of age discrimination. *See Sosky v. International Mill Serv. Inc.,* 1996 WL 32139, * 5 (E.D.Pa.Jan.25, 1996), *aff'd,* 103 F.3d 114 (3d Cir.1996). [FN3]

> FN3. While a plaintiff may sustain a claim by proving he was replaced by or rejected in favor of someone appreciably younger which clearly helps to raise an inference of discrimination, a plaintiff's claim is not foreclosed absent such proof if other evidence adequately supports such an inference. *See O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996).

Once a prima facie case is established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). A plaintiff then may discredit the employer's proffered reason and show that it was pretextual, from which a fact finder may infer that the real reason was discrimination. *Hicks,* 509 U.S. at 508; *Lawrence v. National West Minster Bank of New Jersey,* 98 F.3d 61, 66 (3d Cir.1996). A plaintiff may thus avert summary judgment in a pretext case with evidence discrediting the employer's proffered reasons or showing that discrimination was more likely than not a determinative factor in the adverse employment decision. *Id.; Sempier v. Johnson & Higgins,* 45 F.3d 724, 730- 31 & n. 5 (3d Cir.1995). [FN4]

> FN4. The age discrimination provisions of the PHRA are coextensive with those of the ADEA and the same analysis governs each claim. *See Kelly v. Drexel University,* 94 F.3d 102, 105 (3d Cir.1996).

A plaintiff does not discredit the employer's proffered reason merely by showing that the adverse employment decision was mistaken, wrong, imprudent, unfair or even incompetent. Rather, a plaintiff must show such weaknesses, implausibilities, inconsistencies, incoherence or contradictions in the reasons articulated by the employer that a jury reasonably could find them unworthy of belief. *Fuentes v. Perskie,* 32 F.3d 759, 765 (3d Cir.1994). The ultimate burden of proving that a defendant engaged in intentional discrimination remains at all times on the plaintiff. *Hicks,* 509 U.S. at 507, 511.

*3 It is uncontroverted that the decisionmaker did not know plaintiff's age. [FN5] Further, over one third of the applicants hired by defendant were in the protected class. Two of those were older than plaintiff and one was only four years younger. *See Falkenstein v. Neshaminy School Dist.,* 1997 WL 416271, *5 (E.D.Pa. July 14, 1997) (inference of age discrimination precluded where one of seven positions was filled with person from protected class less than five years younger than plaintiff).

> FN5. There is no evidence of record to show that plaintiff's particular age was otherwise apparent. *See Geraci v. Moody-Tottrup Int'l. Inc.,* 82 F.3d 578,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1999 WL 357381
(Cite as: 1999 WL 357381 (E.D.Pa.))

Page 3

581 (3d Cir.1996).

Even assuming a prima facie case, defendant has provided an unrebutted, non- discriminatory reason for not hiring plaintiff, the belief that he might not be a "team player." Plaintiff's rejoinder that he can prove he is a team player is unavailing. The relevant issue is what defendant believed. *See Fuentes,* 32 F.3d at 765 ("To discredit the employer's proffered reason, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is 'wise, shrewd, prudent or competent' "); *Billups v. Methodist Hosp. of Chicago,* 922 F.2d 1300, 1304 (7th Cir.1991) (inquiry regarding genuineness of employer's nondiscriminatory reason "is limited to whether the employer's belief was honestly held"); *Hicks v. Arthur,* 878 F.Supp. 737, 739 (E.D.Pa.) (that a decision is ill- informed or ill-considered does not make it pretextual), *aff'd,* 72 F.3d 122 (3d Cir.1995); *Doyle v. Sentry Ins.,* 877 F.Supp. 1002, 1009 n. 5 (E.D.Va.1995) (it is the perception of the decision maker that is relevant); *Orisakwe v. Marriott Retirement Communities, Inc.,* 871 F.Supp. 296, 299 (S.D.Tex.1994) (employer who wrongly believes there is legitimate reason to terminate employee does not discriminate when he acts on that belief).

A plaintiff must show more than that he is a disappointed job applicant in the protected age group or that he was passed over imprudently or for a mistaken reason. One cannot reasonably conclude from the evidence of record that defendant did not genuinely believe plaintiff lacked a sense of teamwork or that those selected were more qualified. One cannot reasonably find from the evidence of record that age was a determinative factor in defendant's hiring decision. Plaintiff has simply failed to present evidence sufficient to sustain his claim.

Accordingly, defendant's motion will be granted. An appropriate order will be entered.

## ORDER

AND NOW, this day of June, 1999, upon consideration of defendant's Motion for Summary Judgment (Doc. # 14) and consistent with the accompanying memorandum, IT IS HEREBY ORDERED that said Motion is GRANTED and accordingly JUDGMENT is ENTERED in the above action for defendant and against plaintiff.

1999 WL 357381, 1999 WL 357381 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works