IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEY DILEMANI, | ) | File No. 02-CV-2614 |
| Plaintiff, | ) | |
| vs. | ) | **REPLY BRIEF OF DEFENDANT BUCA, INC. IN SUPPORT OF SUMMARY JUDGMENT** |
| BUCA, INC., | ) | |
| Defendant. | ) | |

In his opposition brief plaintiff Bey Dilemani tries to avoid summary judgment on four grounds, but all four reasons are insufficient to rescue his claims. Dilemani relies only on speculative and misleading argument and fails to submit actual evidence that is sufficient to raise any genuine issue of material fact. Accordingly, defendant Buca di Beppo restaurants ("Buca") is entitled to judgment as a matter of law.

## FACTS

As a preliminary matter, Dilemani's argumentative characterization of the record is misleading in several respects. The undisputed record, of course, speaks for itself, but Buca restates the following key facts for clarification:

Dilemani wrongly insinuates that Lori Van Holmes was a "Recruiter" who received information about Dilemani's age from his application materials. Any such suggestion is flatly contradicted by the record. Although Van Holmes obviously performed recruiting functions at the time, and was a "recruiter" in the descriptive sense, her title was Senior

Manager, Family Resources, not "Recruiter." Van Holmes Dep. 39-40, Exh. P15.[1] Accordingly, by casting Van Holmes as a "Recruiter" Dilemani takes her testimony out of its clear context. Moreover, Van Holmes specifically testified that it was Recruiting Coordinator Lucy Lea in Minneapolis who forwarded the application materials to Dilemani in Van Holmes' name, and the cover letter itself expressly directs Dilemani to return the materials to Lea in Minneapolis, not to Van Holmes in Seattle. Van Holmes Dep. 32, 147-48, Exh. P15. Van Holmes expressly denies that she herself received the materials, as does Cowler. Van Holmes Dep. 140-44; Cowler Dep. 190. In sum, no one at Buca except for Lea received information about Dilemani's birth date. Gerhan Aff. Exh. F.

    Dilemani also wrongly implies that Cowler would have reviewed both Dilemani's personality profile and his application paperwork before their first face-to-face interview. This implication is not supported by the record. Although both documents would ordinarily be available to the Divisional Vice President by the time of the face-to-face interview, Cowler testified that he would not ordinarily review the applications at all, and that he would review personality profiles only as a validation tool for candidates he found promising after the first interview. Cowler Dep. 166-71. Cowler did not depart from this practice here. In fact he expressly denies reviewing any documents in this particular case except Dilemani's resume. Cowler Dep. 190. Dilemani cannot argue otherwise.

    Dilemani is also misleading in his suggestion that Cowler quickly rejected Dilemani "in favor of a much younger applicant." Pf. Br. p. 2. Although it is undisputed that Cowler

---

[1] With exception of pages 245 and 256 of the deposition of Jim Cowler, filed herewith as attachments to the Second Affidavit of Daniel C. Gerhan, all other citations to deposition and affidavit testimony, that appear in this brief, have been submitted to the Court previously in conjunction with Defendant's principal moving papers or plaintiff's opposition.

knew right away that Dilemani was not a good fit, it was actually several months before Buca filled the position.  Cowler Dep. 227.  There is no evidence that any of the other applicants were over forty, much less that any others were over fifty.  Garnett Aff. ¶ 3.

Finally, there is no evidence in the record regarding how old Dilemani looks.

## ARGUMENT

**I.  Buca Has Consistently Pointed To Dilemani's Arrogance As Grounds For Rejecting His Application, Defeating Any Inference Of Pretext Under Third Circuit Law.**

First, Dilemani tries to defeat summary judgment by suggesting that Buca abandoned one reason for rejecting Dilemani's application in favor of another, belying pretext.  To the contrary, Buca has consistently stated that Dilemani's arrogance lost him the job, and neither the law of this Circuit nor the facts of this case supports any inference of pretext here.

Under the first prong of the test articulated in Fuentes v. Perskie, 32 F.3d 759 (3rd Cir. 1994), to show pretext the plaintiff must submit evidence that "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication."  Fuentes, 32 F.3d at 762 (emphasis added).  Commenting on this language, the Third Circuit has subsequently stated that "the relevant case-by-case inquiry is whether the employer's lack of credibility as to some of the proffered reasons so seriously undermines its credibility that a factfinder could reasonably disbelieve all of the employer's proffered reasons."  Stanziale v. Jargowsky, 200 F.3d 101, 106 n. 4 (3rd Cir. 2000).  Accord Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 332 (3rd Cir. 2000).

Dilemani cannot satisfy this standard.  This is not a case where the employer offered the plaintiff one reason for its actions at the time, and another at trial.  Dilemani does not

3

claim that he was given different or conflicting explanations for Buca's decision. Instead, to show pretext, he relies on nothing more than Buca's position statement that it provided to the Pennsylvania Human Relations Commission ("PHRC") in initial response to Dilemani's administration charge. Nothing in Buca's position statement "so seriously undermines its credibility" that a reasonable factfinder could disbelieve its explanation for rejecting Dilemani. Indeed, the position statement itself confirms, consistent with Cowler's testimony nearly two years later, that Dilemani was not offered the position because he was "arrogant in attitude." Def.'s Position Stmt. p. 3. Buca has made this clear all along.

While it is true that the position statement also argues that Dilemani's "employment goals did not fit with the position," there is nothing contradictory about this position under Fuentes and other cases in this circuit. First, the argument is exactly that, an argument and not sworn testimony. There are no statements of fact in the position statement by Jim Cowler that contradict anything to which he subsequently testified. Second, Cowler was the sole decision maker and Cowler testified at his deposition that he told the PHRC investigator the same basis for his decision not to hire Dilemani, in testimony at the PHRC's fact-finding conference, that he gave at his deposition in this case — Dilemani's arrogance. Cowler Dep. 209-10, 256.

In short, there is no contradiction in Cowler's testimony. It is unchanged and consistent, and Dilemani makes no claim that Cowler offered him other, different reasons before. Cowler provided the same information about his decision to the PHRC nearly two years ago at the May 2001 fact-finding conference, that he provided in his deposition and Dilemani provides no evidence, by affidavit or deposition, in opposition. Where Cowler is the sole decisionmaker, and Dilemani offers no admissible evidence to call Cowler's

4

credibility into question, there is no reasonable basis for a jury to disbelieve him, and Dilemani's ploy to show pretext fails. Dilemani's attack on Buca's creditability is a red herring, an argument based entirely on a false premise.

## II.    Dilemani May Not Second-Guess Buca's Business Judgment.

The second and third arguments that Dilemani advances to defeat summary judgment — both of which attack the subjective reason for his rejection — are really one and the same, and both fail for the same reason: Dilemani may not challenge Buca's business judgment. As Buca stated in its moving papers, the question is not whether Buca made the best business decision, or even a sound one; the question is whether the real reason was age discrimination. Keller v. Orix Credit Alliance, 130 F.3d 1101, 1108 (3rd Cir. 1997).

### A.    Other Factors Are Not Relevant.

In what he identifies as his second argument, Dilemani tries to cast doubt on Buca's decision by arguing, in essence, that Buca should have based its decision on three other things: his experience, his interviews with Van Holmes and Perelli, and his personality profile. However, Dilemani's "positive performance in another category is not relevant" to show age discrimination. Simpson v. Kay Jewelers, 142 F.3d 639, 647 (3rd Cir. 1998).

First, Dilemani argues that he has substantial management experience. It is undisputed, however, that Dilemani's application was not rejected for lack of experience. Cowler Dep. 242. Dilemani also argues that Cowler somehow ignored "the favorable impressions of the two Buca employees who had also interviewed him." Pf. Bf. p. 2. Of course, to use the word "favorable" is itself a blatant misstatement, where there is no direct evidence of Perelli's impressions, and where Van Holmes' deposition testimony readily demonstrates her reservations about Dilemani's attitude. See, e.g., Van Holmes Dep.

5

84-85, 90-93. More importantly, however, under Buca's normal hiring process, by definition no candidate would even get to interview with the Divisional Vice President without first passing through the first two gate-keeping steps. Therefore it is simply not reasonable to draw an inference of age discrimination from the mere fact that Dilemani was rejected after he was passed on to Cowler for consideration. By such logic, every rejection by a Divisional Vice President would create an inference of discrimination regardless of its merits.

Finally, without elaboration, Dilemani argues in conclusory fashion that his "objective" personality profile somehow proves he is not arrogant at all. Even if Dilemani could show that to be true, Buca is not required to substitute the results of the profile for the impressions and judgments of its own flesh-and-blood managers. Again, by Dilemani's logic, Buca could never make decisions independent of the personality profile without raising an inference of discrimination. The law prohibits such an attack on Buca's business prerogatives.

**B.    Buca's Mere Reliance On Subjective Criteria Cannot Defeat Summary Judgment, Without A Factual Basis For A Jury To Doubt It.**

In his third effort to defeat summary judgment, Dilemani argues that Buca's subjective criterion for his rejection "by its very nature, requires a credibility determination by the jury." Pf. Br. p. 2. That is not the law. Indeed, in Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 321 (3rd Cir. 2000), a case cited by Dilemani himself, the court makes clear that "[o]f course, a plaintiff can not ultimately prove discrimination merely because his/her employer relied upon highly subjective qualities . . . in making an employment decision." Goosby, 228 F.3d at 321.

Dilemani's argument amounts to the dubious suggestion that the Court can never grant summary judgment in any discrimination case where anything other than objectively verifiable factors were used to make employment decisions. The problem with this proposition is that it overlooks the plaintiff's fundamental burden on summary judgment to come forth with specific facts showing there is a genuine issue for the jury to determine. It is not enough merely to assert that the moving party is lying about its reason — even a subjective one — without adducing evidence to call credibility into question. Buca's burden under the McDonnell Douglas standard is merely to *articulate* a legitimate, nondiscriminatory reason for its actions. It is Dilemani's burden to adduce evidence to cast that explanation into doubt, whether the reason given is a subjective one or not.

**III.    There Is Simply No Admissible Evidence To Suggest That Cowler Has Any Bias Toward Applicants Over Age Fifty.**

Under the Fuentes test, where Dilemani cannot offer evidence to cast doubt on the reasons offered for his rejection under the first prong, to satisfy the second prong he must instead point to admissible evidence in the record to suggest that age discrimination was more likely than not the reason he was not hired. Straining to satisfy this standard, in his fourth attempt to defeat summary judgment Dilemani impermissibly tries to argue that Cowler has a "career-long pattern" of hiring bias against persons over age 50. The admissible evidence on the record in this case permits no such inference, for three reasons.

First, Buca is the defendant in this case, not Cowler. Whatever Cowler's hiring practices may have been for previous employers — and, notably, there is no admissible evidence regarding this history — only his actions as an agent for Buca may be imputed to Buca.

Second, there is no perfidious motive behind Buca's limitation of the evidence to the relevant time period. To the contrary, only the evidence of Cowler's hires prior to the time that Dilemani filed his age discrimination charge is germane to this motion. To avoid any suggestion that Buca was trying to inflate Cowler's already commendable hiring record after the fact, Buca deliberately omitted additional favorable evidence regarding the Paisano Partners that Cowler hired <u>after</u> Buca first had notice of his claims.

Finally, and most importantly, Dilemani's claim blatantly misstates the record. Cowler testified that he hired an Assistant General Manager for the Allentown restaurant, Dennis Sifiles, who was 52 at the time of hire. Cowler Dep. 245. He also hired Vincent Vesci as a Paisano partner when Mr. Vesci was 49. Garnett Aff. Exh. 1. Neither Mr. Vesci nor Mr. Sifiles is substantially younger than Dilemani. Simply put, as with Dilemani's other contentions, this one proves nothing, a misleading argument based upon a demonstrably false premise.

## **CONCLUSION**

For the foregoing reasons, all four arguments that Dilemani offers to escape summary judgment fail. As set forth in Buca's moving papers, Dilemani has failed to point to any actual, admissible evidence in the record to raise a genuine issue of material fact to support his claims. Accordingly, Buca is entitled to summary judgment as a matter of law.

Dated: February 19, 2003

FAEGRE & BENSON LLP

*/s/ Daniel C. Gerhan*
Daniel C. Gerhan (I.D. No. 189698)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

LOCAL COUNSEL:
Kay Kyungsun Yu (I.D. No. 83701)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000

Attorneys for Defendant BUCA, Inc.

## *CERTIFICATE OF SERVICE*

I hereby certify that on February 19, 2003, I electronically filed the foregoing with the Clerk of Court using the ECF system. This document is available for viewing and downloading from the ECF system.

Additionally, a copy of the foregoing was mailed to the attorney named below at the address shown below by UPS Next Day Air from Minneapolis, MN on February 19, 2002:

**Mr. Scott B. Goldshaw**
**Michael J. Salmanson, P.C.**
**1515 Locust Street, 10th Floor**
**Philadelphia, PA  19102**

*/s/ Daniel C. Gerhan*
Daniel C. Gerhan